IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MATTHEW RYAN BERTAGNOLLI,<br>Petitioner,<br>vs.<br>CALEB EGBERT,<br>Respondent. | CV 26-82-BU-SPW<br><br>ORDER |

Matthew Ryan Bertagnolli ("Bertagnolli") has filed a Petition for a Writ of Mandamus, asking this Court to compel attorney Caleb Egbert ("Egbert") to provide him will all "information, discovery, and documents [Egbert] claims to have" in conjunction with Bertagnolli's state criminal case, but refuses to provide to Bertagnolli. *See*, (Doc. 1 at 1.) Bertagnolli is a state prisoner proceeding pro se; he is presently incarcerated at the Montana State Prison.

The items sought by Bertagnolli include: text messages he exchanged with Egbert, screen shots of phone calls between Bertagnolli and Egbert showing the dates and duration of the calls, recorded calls between Egbert and the Park County Attorney, email exchanges between Egbert and the Park County Attorney regarding court dates for which Egbert did not appear, dates and times of calendar reminders set by Egbert, and outstanding discovery. (*Id.* at 1-2.) Bertagnolli

claims that Egbert missed 6 separate court dates and further states that Egbert blames Park County Attorney, Chad Glenn, for not providing Bertagnolli all relevant discovery. (*Id.* at 2.) Bertagnolli claims he needs this information and that not having it adversely affected his challenge to a purported speedy trial violation. Bertagnolli seeks this Court's intervention and an order directing Egbert to turn over all information sought. (*Id.*) As explained below, the petition will be dismissed.

The court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). This Court is without jurisdiction to hear Bertagnolli's claim.

Bertagnolli cites no federal law in support of his request. *See generally*, (Doc. 1.) To the extent that Bertagnolli seeks to rely on the federal mandamus statute, the All Writs Act, that statute applies only to *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") A petition for a writ of mandamus "to

compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Givens v. Los Angeles Cnty. Superior Ct.*, 163 F. App'x 514, 515 (9th Cir. 2006). In addition, the All Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir.1999). Moreover, it is unclear that Egbert is a state official; it appears instead that he is a private attorney. Thus, the claims are frivolous and this Court is without jurisdiction to hear Bertagnolli's petition.

Accordingly, IT IS HEREBY ORDERED that Bertagnolli's petition is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

DATED this 25th day of August, 2026.

Susan P. Watters
Susan P. Watters
United States District Court